Alexa J. Laborda Nelson (N.J. Bar No. 027442012)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000
Attorneys for Defendants Tesla, Inc.; Tesla Motor, Inc.; Tesla, Inc. d/b/a Tesla Motors, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Adam Williams,<br><br>               Plaintiff,<br><br>vs.<br><br><br>Tesla, Inc.; Tesla Motor, Inc.; Tesla, Inc. d/b/a Tesla Motors, Inc.; and John Does 1-5 and 6-10,<br><br>               Defendants. | Case No. _____<br><br><br>**NOTICE OF REMOVAL**<br><br>**Via ECF** |

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Tesla, Inc.; Tesla Motor, Inc.; and Tesla, Inc. d/b/a Tesla Motors, Inc. (hereinafter "Defendants"),[1] hereby remove to this Court the state court action described below and state as follows:

**PROCESS, PLEADINGS, AND ORDERS**

1. Plaintiff Adam Williams ("Plaintiff") filed a Complaint on or about January 26, 2018, designated as Case Number BUR-L-000194-18 in the Superior Court of New Jersey, Burlington County Vicinage. Plaintiff's Compliant is attached as Exhibit A.

---

[1] The only proper defendant in this matter is Tesla, Inc. Tesla Motor, Inc. underwent a corporate name change and is now Tesla, Inc.

2. Plaintiff served Defendants with a Summons and a copy of the Complaint on February 21, 2018. True and correct copies of the Affidavits of Service filed by Plaintiff verifying service on Defendants are attached hereto as Exhibit B.

3. The Complaint alleges violations of the Conscientious Employee Protection Act, N.J.S.A. §§ 34:19-1, *et seq.* ("CEPA"), and seeks reinstatement, back pay, front pay, noneconomic compensatory damages, and benefits. *See* Exhibit A.

4. Paragraph 2 of the Complaint alleges that Defendants were "the employers of Plaintiff, jointly and severally, maintaining a principal place of business in Palo Alto, California." *See* Exhibit A.

5. Pursuant to 28 U.S.C. § 1446(a) and Local Rule of Civil Procedure 5.2, the attached exhibits constitute all process, pleadings and orders served upon Defendants or filed or received in this action by Defendants.

## II. VENUE

6. Because the Superior Court of New Jersey, Burlington County Vicinage lies in the District of New Jersey and is assigned to Camden division, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 110 and 1441(a).

## III. DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(a)

7. The Court has original jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

### A. Diversity of Citizenship Exists

8. For diversity purposes, an individual is a citizen of the state in which he or she is domiciled with the intent to remain. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d

Cir. 2008). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may only have one domicile, and thus, may be a citizen of only one state for diversity jurisdiction purposes. See *Williamson v. Osenton*, 232 U.S. 619, 625 (1914). Plaintiff alleges that he is a resident of the State of New Jersey. *See* Exhibit A at ¶ 1. Plaintiff worked and resided in New Jersey throughout his employment with Tesla. *See* Exhibit C. An Accurint public records search states that Plaintiff has resided in Lumberton, New Jersey since at least 2008. In support of these assertions, the Declaration of Jeannine Linnane, Assistant Librarian for Littler Mendelson, P.C., is attached hereto as Exhibit D. It is clear that Plaintiff has made and intends to continue to make New Jersey his primary residence for the indefinite future. Plaintiff is therefore a citizen of New Jersey for purposes of 28 U.S.C. § 1332.

9. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center" – the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

10. Defendant Tesla, Inc. is incorporated in the State of Delaware, and its principal place of business is Palo Alto, California. In support of these assertions, the Declaration of Jessie Briel, Senior Resources Partner for Telsa, Inc., is attached as Exhibit C.

11. The United States Supreme Court has defined a corporation's principal place of business as "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1191-1192 (2010). In practice, this location will be "where the corporation maintains its headquarters." *Id.* At the time the

Complaint was filed and at the time of this notice, the executive offices and corporate headquarters for Defendants were and are located in the State of California. *See* Exhibit C.

12. Accordingly, Tesla, Inc. is a citizen of Delaware and California, and not New Jersey, for diversity purposes. *See* 28 U.S.C. §§ 1332(a)(1), (c)(1).

13. Tesla Motor, Inc. underwent a corporate name change and is now Tesla, Inc. *See* Exhibit C. When in operation, Tesla Motor, Inc. was incorporated in the State of Delaware, and its principal place of business was Palo Alto, California.

14. Tesla, Inc. does not do business as Tesla Motors, Inc. *See* Exhibit C. However, as noted above, Tesla, Inc. is incorporated in the State of Delaware, and its principal place of business is Palo Alto, California.

15. ABC Corps 1-10 and John Does 1-10 are fictitious entities that have not been served and therefore do not need to consent to the removal. *See* 28 U.S.C. § 1446(b)(2)(A).

16. Accordingly, diversity of citizenship, for purposes of 28 U.S.C. § 1332, existed between Plaintiff at the time he commenced this action, and continues to exist as of the time of filing this Notice of Removal.

**B.     The Amount In Controversy Exceeds $75,000**

17. Pursuant to 28 U.S.C. § 1446(c), Defendants need only establish by a preponderance of evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.

18. For jurisdictional purposes, "determining the amount in controversy begins with a reading of the complaint filed in the state court." *See Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). The court, however, does not merely accept a plaintiff's contentions regarding the amount in controversy, but is required to analyze the legal claims to

determine if a plaintiff's actual monetary demands exceed the $75,000 threshold. *Morgan v. Gay*, 471 F.3d 469, 474-75 (3d Cir. 2006).

19. Attorneys' fees must be taken into account when determining whether the amount in controversy is met. *Frederico v. The Home Depot*, 507 F.3d 188, 199 (3d Cir. 2014) (noting that attorneys' fees "could be as much as thirty percent of the judgment"); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) (holding that "attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action").

20. Although Defendants vehemently deny the allegations in the Complaint and contend that Plaintiff is not entitled to any recovery whatsoever, the only relevant question at this stage is whether Plaintiff's Complaint places in controversy an amount in excess of the amount specified by 28 U.S.C. § 1332. Based on the following allegations, Defendants have a good faith belief that it is more likely than not that the amount in controversy in this case does, in fact, exceed $75,000.00, exclusive of interest and costs.

21. Plaintiff alleges he was terminated in violation of CEPA. *See* Exhibit A. Plaintiffs' Complaint does not allege a specific amount in controversy, but states that, in addition to interest and attorneys' fees, Plaintiff seeks back pay, front pay, compensatory damages, punitive damages, and noneconomic damages. *See* Exhibit A at "wherefore" clauses after ¶¶ 29, 34. Plaintiff cannot specify the amount of his claims under New Jersey R.C.P. 4:5-2; accordingly, 28 U.S.C. § 1446(c)(2)(A) allows the removing party to plead the amount in controversy.

22. Plaintiff alleges he was terminated in approximately September 2017. Exhibit A at ¶ 21. At the time of his termination, Plaintiff's annual salary was $120,000.00. *See* Exhibit C.

Assuming Plaintiff has not mitigated his damages, Plaintiff's back pay *to date* is approximately $60,000.00. This amount will increase as the matter progresses through the courts. Estimating that this matter will proceed to trial a year from now, in March 2018, Plaintiff will be seeking almost one and a half year of back wages, or $180,000.00 in back pay ($120,000.00 x 1.5 years). Accordingly, by the time this matter is heard for trial, Plaintiff's back pay alone will reach more than the jurisdictional amount. In addition to back pay, Plaintiff seeks interest, front pay, damages for emotional distress, attorneys' fees, and punitive damages. Given the lapse of time between Plaintiff's separation from employment and any trial in this case, and his demand for front pay in addition to back pay, compensatory damages, attorneys' fees, and punitive damages, it is more likely than not that Plaintiff's claim exceeds $75,000.

23. In *Raspa v. The Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007), the complaint was similar to the Complaint in this case in that the plaintiffs did not state an exact sum sought in the complaint, but they demanded attorneys' fees and the court found that attorneys' fees "alone can exceed six figures." *Id.* Here, there can be no doubt that Plaintiff is seeking an amount in controversy over the $75,000 jurisdictional minimum where he seeks back pay of at least $60,000.00, front pay, compensatory damages, punitive damages, and attorneys' fees. *See id.*

24. Accordingly, the grounds for diversity jurisdiction are satisfied, and this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## IV.   COMPLIANCE WITH PROCEDURAL REQUIREMENTS

25. By reason of the foregoing and pursuant to 28 U.S.C. § 1441(b), this case is removable from the Superior Court of New Jersey, Burlington County Vicinage to the United States District Court for the District of New Jersey.

26. This Court is the district and division embracing the place where the State Court Action is pending for purposes of 28 U.S.C. § 1441(a).

27. In accordance with 28 U.S.C. § 1446(d), this Notice of Removal has been filed within thirty (30) days after the receipt of a copy of the Complaint by Defendants.

28. All documents filed in the State Court action are attached hereto as Exhibits A, B and E pursuant to L. R. Civ. P. 5.2.

29. True and correct copies of this Notice of Removal are being promptly filed with the Clerk of Court of Superior Court of New Jersey, Burlington County Vicinage, and served this date upon Plaintiff's counsel of record.

**WHEREFORE**, Defendants Tesla, Inc.; Tesla Motor, Inc.; and Tesla, Inc. d/b/a Tesla Motors, Inc. respectfully request that this case be removed to the United States District Court for the District of New Jersey, that this Court accept jurisdiction of this action and that this action be henceforth placed on the docket of the Court for all further proceedings as though the same action had been originally instituted and commenced in this Court.

Respectfully submitted,

Alexa J. Laborda Nelson
LITTLER MENDELSON, P.C.
Attorneys for Defendants Tesla, Inc.; Tesla Motor, Inc.; Tesla, Inc. d/b/a Tesla Motors, Inc.

Dated: March 23, 2018