**LAW OFFICES OF ERIC A. SHORE**
**Toni L. Telles, Esquire**
Attorney ID: 00355-2009
4 Echelon Plaza
201 Laurel Road ~ 8th Floor
Voorhees, New Jersey 08043
(856) 433-6228
(856) 433-6230 – Telefax
ToniT@EricShore.com
Attorney for Plaintiff, Adam Williams

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY - CAMDEN

| | |
|---|---|
| ADAM WILLIAMS<br>          Plaintiff,<br><br>          vs.<br><br>TESLA, INC.;<br>TESLA MOTORS, INC.;<br>TESLA, INC. d/b/a TESLA MOTORS, INC.;<br>And<br>JOHN DOES 1-5 and 6-10<br>          Defendants | Civil Action<br>Number 18-cv-4120 (JHR/AMD) |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS'
### MOTION TO COMPEL ARBITRATION

TABLE OF CONTENTS

**I.**   PROCEDURAL HISTORY AND STATEMENT OF FACTS............................................1

**II.**   LEGAL ARGUMENT  ......................................................................................................3

      A.   Defendants' Motion To Compel Arbitration Should Be Denied. ............................3

**III.**   CONCLUSION...................................................................................................................6

i

TABLE OF CITATIONS

Abbamont v. Piscataway Twp. Bd. of Educ.,
138 N.J. 405 (1994) ..............................................................................................................5

Atalese, 219 N.J. 253 (2014),  ............................................................................................4
      Quoting, Leodori v. CIGNA Corp., 175 N.J. 293, (2003)......................................4

AT&T Techs., Inc. v. Communications Workers of Am.,
475 U.S. 643 (1986)..............................................................................................................3

Garfinkel v. Morristown Obstetrics & Gynecology Associates, P.A.,
168 N.J. 124 (2001) ..............................................................................................................4

Knorr v. Smeal,
178 N.J. 169 (2003) ..............................................................................................................4

Kolb v. Burns,
320 N.J. Super. 467 (App. Div. 1999) ..................................................................................5

Leodori v. CIGNA Corp.,
175 N.J. 293 (2003) ..............................................................................................................4

Marchak [v. Claridge Commons, Inc.,
134 N.J. 275 (1993) ..............................................................................................................3

Morgan v. Sanford Brown Inst.,
225 N.J. 289 (2016)  .............................................................................................................4
      Quoting, Atalese, 219 N.J. 253 (2014) ..................................................................4

Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,
460 U.S. 1 (1983)..................................................................................................................4

Noren v. Heartland Payment Sys., Inc.,
448 N.J. Super. 486 (App. Div.) ..........................................................................................4
      reconsideration denied, 449 N.J. Super. 193 (App. Div. 2017).........................4

Red Bank Reg'l Educ. Ass'n v. Red Bank Reg'l High Sch. Bd. of Educ.,
 78 N.J. 122 (1978) ...............................................................................................................3

Yale Materials Handling Corp. v. White Storage & Retrieval Sys., Inc.,
240 N.J.Super. 370 (App.Div.1990) .....................................................................................4

### PROCEDURAL HISTORY AND STATEMENT OF FACTS:

On or about January 26, 2018, Plaintiff, Adam Williams filed the instant matter in the Superior Court of New Jersey. A true and correct copy of Plaintiff's complaint is attached hereto as Exhibit "A."

Mr. Williams was employed by Defendants since approximately September 2011 and most recently had held the position of mobile manager. Exhibit A, ¶ 4. During the course of Mr. Williams' employment with Defendants, he became aware of Defendants' practice of failing to disclose to consumers high-dollar, pre-delivery damage repairs prior to any transaction with consumers. Id. at ¶ 6. Mr. Williams reasonably believed this practice to be illegal and/or fraudulent and reported on several occasions throughout his employment to Matt Farrell, his supervisor, and Jerome Guillen, a vice president employed by Defendants, that Defendants had failed to disclose this information to consumers and that this was illegal and/or fraudulent. Id. at ¶ 7-8.

Additionally, Mr. Williams was also Defendants' practice which involved receiving vehicles designated as "lemons" and, with this knowledge, reselling these vehicles without branding the titles of these vehicles or offering disclosure, rather representing the cars as "used" or a "demo/loaner." Id. at ¶ 10. Mr. Williams reasonably believed this practice to be illegal and/or fraudulent as well. Id. at ¶ 11. Mr. Williams reported to Mr. Farrell, and to Lenny Peake, the East Coast Regional Manager, in approximately the winter of 2016 and/or early 2017, that this practice was illegal. Id. at 12 -13. Yet, despite the fact that Mr. Williams reported this illegal and/or fraudulent conduct to upper management, Defendants continued this practice throughout Mr. Williams' employment. Id. at ¶ 15. At the time of Mr. Williams' protected conduct, both

2

Matt Farrell and Lenny Peake reported directly to Brian Applegate, a director employed with Defendants. Id. at ¶ 17.

In approximately early 2017, Mr. Williams was demoted from Regional Manager to a Service Manager by Mr. Applegate, a Director employed by Defendant, who told Mr. Williams that Mr. Williams has a "brand" at the company and that there was no place for Mr. Williams in "My new Tesla." Id. at ¶ 18- 19. In approximately July 2017, Mr. Williams was again demoted to a Mobile Manager position, despite the fact that he was performing his job duties up to the legitimate expectations of Defendants. Id. at 20. Then, in approximately September 2017, Mr. Williams was terminated by Regional Manager, Albert Grice, who informed Mr. Williams that the decision to terminate him was made by Mr. Applegate.. Id. at ¶ 21 - 22.

Plaintiff makes claims under the Conscientious Employee Protection Act, arising out of her employment with Defendants. On or about March 23, 2018, Defendants removed this matter to the District Court of New Jersey. See Exhibit B. Defendants then moved, on or about April 13, 2018, to dismiss Plaintiff's Complaint and compel arbitration.

## I.      LEGAL ARGUMENT

### A.      Defendants' Motion To Compel Arbitration Should Be Denied.

The threshold question of whether a dispute is arbitrable is a matter properly decided by this court. See AT&T Techs., Inc. v. Communications Workers of Am., 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). In order for an agreement to arbitrate to be enforceable,

> [in] respect of specific contractual language, "[a] clause depriving a citizen of access to the courts should clearly state its purpose. The point is to assure that the parties know that in electing arbitration as the exclusive remedy, they are waiving their time-honored right to sue." Marchak [v. Claridge Commons, Inc., 134 N.J. 275, 282, 633 *A.*2d 531 (1993)]. As we have stressed in other contexts, a party's waiver of statutory rights "must be clearly and unmistakably established, and contractual language alleged to constitute a waiver will not be read expansively." Red Bank Reg'l Educ. Ass'n [v. Red Bank Reg'l

3

> High Sch. Bd. of Educ., 78 N.J. 122, 140, 393 A.2d 267 (1978)]. In the same vein, a "court may not rewrite a contract to broaden the scope of arbitration[.]" Yale Materials Handling Corp. v. White Storage & Retrieval Sys., Inc., 240 N.J.Super. 370, 374, 573 A.2d 484 (App.Div.1990)."

Garfinkel v. Morristown Obstetrics & Gynecology Associates, P.A., 168 N.J. 124, 132, 773 A.2d 665 (2001).

The Federal Arbitration Act ("FAA") reflects the fundamental principle that arbitration is a matter of contract. Section 2, the "primary substantive provision of the Act," Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), provides: "A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The New Jersey Appellate Court recently held, in the context of arbitration agreements, that

> [W]hen a contract contains a waiver of rights ... the waiver 'must be clearly and unmistakably established.' " Morgan v. Sanford Brown Inst., 225 N.J. 289, 308–09, 137 A.3d 1168 (2016) (quoting Atalese, supra, 219 N.J. at 444, 99 A.3d 306). The contractual waiver of rights provision "must reflect that [the party] has agreed clearly and unambiguously to its terms." Atalese, supra, 219 N.J. at 443, 99 A.3d 306 (alteration in original) (quoting, Leodori v. CIGNA Corp., 175 N.J. 293, 302, 814 A.2d 1098 (2003)). Because "[w]aiver is the voluntary and intentional relinquishment of a known right," Knorr v. Smeal, 178 N.J. 169, 177, 836 A.2d 794 (2003), there cannot be a clear and unambiguous agreement to waive without a "mutual understanding" of the terms of the waiver. Atalese, supra, 219 N.J. at 446–47, 99 A.3d 306. To be effective, a party must "have full knowledge of his legal rights and intent to surrender those rights." Knorr, supra, 178 N.J. at 177, 836 A.2d 794.

Noren v. Heartland Payment Sys., Inc., 448 N.J. Super. 486, 494–95, 154 A.3d 178, 183 (App. Div.), reconsideration denied, 449 N.J. Super. 193, 156 A.3d 188 (App. Div. 2017).

4

As this Court is aware, Plaintiff filed a Complaint under the Conscientious Employee Protection Act ("CEPA"). CEPA, like the LAD ["Law Against Discrimination], is a civil rights statute. <u>Kolb v. Burns,</u> 320 N.J. Super. 467, 477, 727 A.2d 525 (App. Div. 1999). Both statutes seek "to overcome the victimization of employees and to protect those who are especially vulnerable in the workplace from the improper or unlawful exercise of authority by employers." <u>Abbamont v. Piscataway Twp. Bd. of Educ.,</u> 138 N.J. 405, 418, 650 A.2d 958 (1994). While Plaintiff does not dispute the authenticity of his signature on the Arbitration Agreement, however, the Agreement is not clear as to what claims are arbitratable. In relevant part, the Agreement provides:

> "**You are waiving any and all rights to a jury trial** *but all court remedies will be available in arbitration*; and
>
> . . .
> **Arbitrable claims <u>do not include</u>,** and this Agreement does not apply or otherwise restrict, **<u>administrative claims you may bring before any governmental agency where, as a matter of law, the parties may not restrict your ability to file such claims (including the Equal Employment Opportunity Commission or its state equivalent, and the National Labor Relations Board).</u>**

A careful reading of this provision carves out civil rights claims as an exception to claims that are arbitratable. Consequently, Mr. Williams could not have "clearly and unambiguously" agreed to arbitrate his CEPA claim, which is a civil rights claim. <u>See</u> <u>Kolb v. Burns,</u> 320 N.J. Super. Supra, 477. Accordingly, Mr. Williams' CEPA Complaint should not be dismissed and arbitration should not be compelled.

## II.      CONCLUSION

For all of the above reasons, Defendants' Motion to Dismiss should be denied and Plaintiff's Complaint should proceed in Federal Court.

**THE LAW OFFICES OF ERIC A. SHORE**

By:  _____

TONI L. TELLES, ESQUIRE

Dated: _____ May 16, 2018 _____