UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ADAM WILLIAMS, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 18-4120 |
| v. | : | |
| | | OPINION |
| TESLA, INC.; TESLA MOTOR, INC.; TESLA, INC. d/b/a TESLA MOTORS, INC.; | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on motion of Defendant Tesla, Inc. for an Order to compel arbitration of Plaintiff Adam Williams' claims pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 and to dismiss Plaintiff's Complaint. Having considered the parties' submissions, the Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court grants Defendant's motion to compel arbitration and dismiss the Complaint.

Background

The Complaint alleges that Plaintiff worked for Defendant for approximately six years, during which time he became aware of allegedly "illegal and/or fraudulent" business practices, which he reported on several occasions to his supervisors. *See Compl. ¶ 4-8.* Plaintiff contends that, as a

1

result, he was demoted twice and then terminated from Defendant's employ in violation of the Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. § 34:19-1.

Prior to commencing employment with Defendant, as a condition of employment, Plaintiff signed an Arbitration Agreement as part of an offer letter on September 3, 2012. The letter states:

> To ensure the rapid and economical resolution of disputes that may arise in connection with your employment with Tesla, you and Tesla agree that any and all disputes, claims, or causes of action, in law or equity, arising from or relating to your employment, or the termination of your employment, will be resolved, to the fullest extent permitted by law by binding arbitration per Attachment A, and that *you are waiving your right to a jury trial.*

(Ward Decl., Ex. A, p. 2; emphasis in original.) The Arbitration Agreement further provides:

> To ensure the rapid and economical resolution of disputes that may arise in connection with your employment with Tesla, you and Tesla agree that any and all disputes, claims, or causes of action, in law or equity, arising from or relating to your employment, or the termination of your employment, will be resolved, to the fullest extent permitted by law by binding arbitration in San Francisco California conducted by the Judicial Arbitration and Mediation Services/Endispute, Inc. ("JAMS"), or its successors, under the then current rules of JAMS for employment disputes. Accordingly, you and Tesla agree to an arbitration in which:
>
> a. you are waiving any and all rights to a jury trial but all court remedies will be available in arbitration; and

    b. all disputes between you and the Company shall be fully and finally resolved by binding arbitration that provides for adequate discovery; and

    c. all disputes shall be resolved by a neutral arbitrator who shall issue a written opinion; and

    d. Tesla shall pay all arbitration fees in excess of those which would be required if the dispute was filed in a court of law.

(*Id.*) By letter to Plaintiff's counsel dated March 14, 2018, Defendant stated its willingness to arbitrate the matter in New Jersey, rather than California. (Nelson Decl., ¶ 4.)

## Discussion

The FAA creates "a strong federal policy" of resolving parties' disputes through arbitration by enforcing the parties' arbitration agreements. *Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 178 (3d Cir. 2010) (en banc) (citation omitted). Before compelling arbitration, however, courts must be satisfied that the parties have an agreement to arbitrate, because "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (citations omitted).

The Court must decide, first, whether "there is an agreement to arbitrate" and, second, whether "the dispute at issue falls within the scope

3

of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London, subscribing to Retrocessional Agreement Nos. 950548, 950549, & 950646*, 584 F.3d 513, 523 (3d Cir. 2009). When the parties have a valid arbitration agreement, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) (citation omitted).

Standard of Review

As to the first consideration, a district court "must initially decide whether the determination is made under [Federal Rule of Civil Procedure] 12(b)(6) or 56." *Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015). The Rule 12(b)(6) standard is appropriate where "it is apparent, based on the 'face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause.'" *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (citations omitted).

The Rule 56 standard is appropriate where: (1) "'the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity' to establish on its face that the parties agreed to arbitrate," or (2) "the opposing party has come forth with reliable evidence that is

more than a 'naked assertion . . . that it did not intend to be bound' by the arbitration agreement, even though on the face of the pleadings it appears that it did." *Id.* at 774. Summary judgment under Rule 56 is appropriate if the record demonstrates that there is no genuine issue as to any material fact, and, construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *see also Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

In this case, the existence of an agreement to arbitrate is not apparent from the face of Plaintiff's Complaint, which does not mention the Arbitration Agreement or attach the Arbitration Agreement as an exhibit. Instead, Defendant's motion to compel arbitration relies exclusively on matters outside the pleadings. Accordingly, the Rule 56 standard governs. As Plaintiff does not request discovery or contest the Arbitration Agreement's existence, the Court will consider Defendant's motion on the existing record. *See Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54, n.9 (3d Cir. 1980) (holding the existence of an agreement to arbitrate may be decided by the court as a matter of law "when there is no genuine issue of fact concerning the formation of the agreement").

Validity and Enforceability of the Arbitration Clause

General state law principles are utilized to determine whether the parties have agreed to arbitrate. *Aliments Krispy Kernels, Inc. v. Nichols Farms*, 851 F.3d 283, 289 (3d Cir. 2017). Here, the parties acknowledge that New Jersey law determines whether there was an agreement to arbitrate. Under New Jersey contract principles, "[a]n enforceable agreement requires mutual assent, a meeting of the minds based on a common understanding of the contract terms." *Morgan v. Sanford Brown Inst.*, 137 A.3d 1168, 1180 (N.J. 2016). "[A]ny contractual waiver-of-rights provision must reflect that the party has agreed clearly and unambiguously to its terms." *Atalese v. U.S. Legal Servs. Grp., L.P.*, 99 A.3d 306, 313 (N.J. 2014) (internal quotation and citation omitted).

"No particular form of words is necessary to accomplish a clear and unambiguous waiver of rights." *Atalese*, 99 A.3d at 314. "Whatever words compose an arbitration agreement, they must be clear and unambiguous that a [party] is choosing to arbitrate disputes rather than have them resolved in a court of law. In this way, the agreement will assure reasonable notice to the [party]." *Id.* at 316. "The point is to assure that the parties know that in electing arbitration as the exclusive remedy, they are waiving their time-honored right to sue." *Id.* at 314 (citation omitted).

6

"When a party enters into a signed, written contract, that party is presumed to understand and assent to its terms, unless fraudulent conduct is suspected." *Stelluti v. Casapenn Enters., LLC*, 1 A.3d 678, 690 (N.J. 2010). "Failing to read a contract does not excuse performance unless fraud or misconduct by the other party prevented one from reading." *Gras v. Assocs. First Capital Corp.*, 786 A.2d 886, 894 (N.J. Super. Ct. App. Div. 2001) (citation omitted); *see also Henningsen v. Bloomfield Motors, Inc.*, 161 A.2d 69, 84 (N.J. 1960) (describing same as a "general principle" of contract law).

Plaintiff does not dispute the existence or authenticity of the Arbitration Agreement. Rather, he argues that the Agreement is not clear as to what claims are arbitrable. The Court disagrees. The Agreement states: "any and all disputes, claims, or causes of action, in law or equity, arising from or relating to your employment, or the termination of your employment, will be resolved, to the fullest extent permitted by law by binding arbitration." Plaintiff's claims arise out of his employment, or the termination thereof.

In support of his argument, Plaintiff points to the language in the Arbitration Agreement that states:

> Arbitrable claims do not include, and this Agreement does not apply or otherwise restrict, administrative claims [he] may

> bring before any governmental agency where, as a matter of law, the parties may not restrict your ability to file such claims (including the Equal Employment Opportunity Commission or its state equivalent, and the National Labor Relations Board).

This language provides Plaintiff with notice of his right to file an administrative charge with any government agency, such as the EEOC or its state equivalent. Those rights cannot be waived by agreement. *See Beery v. Quest Diagnostics, Inc.*, 953 F. Supp. 2d 531, 546-48 (D.N.J. 2013) (enforcing arbitration agreement and holding that "[t]he EEOC's power to investigate a charge of discrimination is unquestioned, and it cannot be subverted by an agreement to which EEOC is not a party"). Additionally, CEPA does not provide for administrative action before a government agency. *See* N.J. Stat. Ann. § 34:19-5 ("Upon a violation of any of the provisions of this act, an aggrieved employee or former employee may, within one year, institute a civil action in a court of competent jurisdiction.").

The Court therefore finds that Plaintiff's CEPA claim is subject to arbitration under the unambiguous terms of the Arbitration Agreement that he signed. *See Martindale v. Sandvik, Inc.*, 800 A.2d 872, 883 (N.J. 2002) (enforcing an arbitration agreement containing language covering "all disputes relating to employment with [defendant] or termination thereof" because the "language in the arbitration agreement not only was

clear and unambiguous, it was also sufficiently broad to encompass reasonably plaintiff's statutory causes of action").

## Conclusion

Accordingly, this Court finds the parties entered into an enforceable agreement to arbitrate the instant dispute. Defendant's motion to compel arbitration will be granted and Plaintiff's Complaint will be dismissed. An appropriate Order follows this Opinion.


Dated: December 11, 2018                /s/ Joseph H. Rodriguez
                                                                JOSEPH H. RODRIGUEZ
                                                                    U.S.D.J.